**160** NEW YORK PRACTICE REPORTS.

Attorney-General agt. North American Life Insurance Co.

# SUPREME COURT.

In the Matter of the Application of the ATTORNEY-GENERAL of the State of New York agt. THE NORTH AMERICAN LIFE INSURANCE COMPANY.

*Insurance company — proceedings under act of 1853 to distribute assets — Receiver — suit against — power of supreme court to enjoin action — where and when such power may be exercised.*

The supreme court, in special proceedings pending before it for the purpose of distributing the effects of a dissolved corporation, *i. e.* (a life insurance company), (pursuant to chapter 463, Laws of 1853, and chapter 902, Laws of 1869), has power to enjoin an action brought by a policyholder of such corporation against the receiver appointed in such special proceedings for the purpose of ascertaining and declaring the debts and obligations of the corporation, and for the distribution of its assets.

A motion by the receiver to stay such suit need not, of necessity, be made in the district where the action is pending.

Even where an action is pending in one district and a suit is brought in another to restrain it, the court may interfere in the latter district.

The jurisdiction of the court to interfere is undoubted where the case is pending in one district, and on a second suit being brought in another, for the *same purpose,* the party who is thus sued moves in the first action to stay the second.

The fact that the proceeding first instituted is not an action, *eo nomine,* makes no difference. As the court has power in this proceeding to distribute the assets of the dissolved corporation, it will enjoin and restrain any individual who seeks by a new and unnecessary action to deprive it of its power.

A proceeding to wind up and dissolve a corporation and distribute its effects was specially provided for by the act (*Laws of* 1853, *chapter* 463, *section* 11), and, consequently, no action can *now* be maintained by a creditor or a stockholder under the Revised Statutes for a similar object. What a creditor or a stockholder could not do before the attorney-general and the court have acted under the statute of 1853, it ought not

to be allowed to do after such action (*See Attorney-General* agt. *The Continental Life Insurance Company*, 53 *How.*, 16).

Under the Revised Statutes, when an action had been brought to dissolve and distribute the assets of an insolvent corporation, the remedy of every creditor was in that suit and proceeding only, and in the district in which the same was pending, and the same rule applies in proceedings to dissolve and distribute the assets of an insolvent corporation under the act of 1853.

Where an order has been granted by a judge of the supreme court allowing a suit to be brought against a receiver upon its being made evident that such order was improvidently granted, there is no impropriety in another judge directing an order to be entered withdrawing the consent to bring such suit. It was the consent of the same court which was obtained, and it can properly be withdrawn by the same tribunal which granted it though sitting now in another district (*See McArdle* agt. *Barney and others*, 50 *How.*, 97).

*Ulster Special Term, October,* 1878.

MOTION by the receiver of the above-mentioned corporation to stay a suit against him.

*R. W. Peckham,* for motion.

*Stanley, Brown & Clark,* opposed.

WESTBROOK, *J.*—The North American Life Insurance Company was organized under chapter 463 of the Laws of 1853, and it also transacted business as a registered policy company under chapter 902 of the Laws of 1869.

At a special term of this court held in the city of Schenectady by Mr. justice LANDON, on the 8th day of March, 1877, on the motion of the attorney-general of the state, after due notice to the company, such corporation was restrained from the further prosecution of its business and Henry R. Pierson appointed the receiver thereof.

After this appointment the receiver, with the approval of the superintendent of the insurance department, appointed an actuary who, in conformity with the requirements of section 8 of said chapter 902 of the Laws of 1869, made a careful investigation into the affairs of said company and reported,

after such investigation, that the assets of the said corporation were not sufficient to meet its liabilities and the costs of the receivership. Such report was presented to the court and its conclusions affirmed by order duly entered.

On the 16th day of January, 1878, upon an order to show cause duly served, and upon the application of the attorney-general, this court, at special term held by Mr. justice LANDON in the city of Schenectady, granted a second order under section 17 of chapter 463 of the Laws of 1853 dissolving the corporation and again appointing Mr. Pierson its receiver.

On the 16th day of July, 1878, this court, at a special term also held in the city of Schenectady by Mr. justice LANDON, made an order appointing Albert Parsons, Esq., counselor at law of the city of New York, a referee to ascertain the claims against such company. The order contains full directions to such referee to give notice by publication for all creditors to present and establish their claims and to make full report to the court. The object of this order evidently was to ascertain what were valid debts and obligations against the corporation, with a view to the distribution of its assets among them, as the court is empowered and required to do by both the acts aforesaid.

Subsequent to such last-mentioned order, and on or about July 20, 1878, one Benjamin Reis, in behalf of himself and all other creditors of the said, The North American Life Insurance Company, who should come in and contribute to the expense thereof, brought a suit against the said corporation and the said Henry R. Pierson, its receiver, for the purpose of ascertaining and declaring the debts and obligations of the corporation, and for the distribution of its assets, or, to speak more plainly, a policyholder of the late corporation has brought an action in this court against the court's own receiver to do the very things which the court, without such suit and without its aid, was fully competent to do, and was actually and in due form proceeding to do. That action this motion seeks to enjoin and restrain.

The first question which this motion presents is, has this court, in the special proceedings pending before it for the purpose of distributing the effects of a dissolved corporation, power to enjoin the action? It will be observed that the suit is against the court's own officer, and the necessary and inevitable effect thereof is, more or less, to interfere with the action of the receiver. If a person molested a receiver in any way other than by action, would it be seriously argued that the court could not restrain him? If the answer to the question is favorable to the power of the court to interfere then, why may it not do so now? It is an individual who is hampering and annoying the receiver in his trust, and the mode of annoyance does not alter the power of the court. The court, for its own dignity, will arrest and punish an interference with its receiver, and the mode and manner which the party has taken to interfere cannot take away the jurisdiction of the court. The plaintiff in the action has seen fit to interfere with a receiver duly appointed by bringing an action in a locality and district distant from that in which such receiver was appointed; and having paid no attention himself to the rights or convenience of the receiver, he is in no situation to ask that protection should be sought in the district which he has chosen. This is not a case where an action is pending in one district and a suit is brought in another to restrain it, though even then the court could interfere in the latter district (*Erie Railway Co.* agt. *Ramsey*, 45 *N. Y.*, 637). It is rather analogous to the case of one pending in one district, and on a second suit being brought in another for the same purpose the party who is thus sued moves in the first action to stay the second. The jurisdiction of the court in such a case is too undoubted to be questioned. The fact that a proceeding first instituted is not an action, *eo nomine*, makes no difference. It was something, whether it be called an action or special proceeding, which gave this court full power over the corporation and its assets for the purpose of distribution in and by that proceeding; and as a grant of power to do an

act is also a grant of power to do every other act and thing necessary to be done in the progress of its accomplishment, it necessarily follows, as the court has power in this proceeding to distribute the assets of the dissolved corporation, it will enjoin and restrain any individual who seeks by a new and unnecessary action to deprive it of this power. This suit, brought by Ries, is in this (the supreme) court, and it would be a little singular if the court itself, which alone is interfered with, must speak in behalf of its own dignity and its own protection in the spot and locality which he has chosen and which he dictates as the only one for it to assert its rights and its prerogatives.

Of the power, then, to enjoin this action, there can be no doubt, and we next inquire why should not the power be exercised ? Of what possible use is the action ? The statutes, under which Mr. Pierson was appointed receiver, are ample to protect all parties interested. Under them this court must, and is proceeding to, distribute. All its powers are in full and complete exercise, and whilst the legal machinery of the court requires no aid a suit is brought for the ostensible purpose of giving assistance when none is sought or required. It is brought, too, in the same court, which has already complete jurisdiction, and to which the suit can add nothing, or from it subtract nothing. But the action is more objectionable, even, than we have stated. The supreme court is holding the property through Mr. Pierson, its own receiver, for the purpose, when it shall, by its reference already ordered, ascertain who the creditors are, of directing " a distribution of its effects " (*chapter* 453, *Laws of* 1853, *section* 17 ; *chapter* 902, *Laws of* 1869, *section* 8), and an action has been brought in the same court against itself (for one against its receiver who is acting under its orders is one against the court) to quicken its action and to guide its judgment. The statement of the proposition is enough without argument. No fraud, no collusion, wrong or negligence is imputed to the receiver, and if they were the court can act on motion ; but the simple

NEW YORK PRACTICE REPORTS. **165**

Attorney-General agt. North American Life Insurance Co.

and only aim of the action is declared to be to facilitate the receiver and court in the execution of their trust. I have been unable to see that either requires that aid; and as that action will necessarily hamper the court and receiver and greatly increase the costs and expenses of the trust the action must be enjoined.

There is another objection, also, to the maintenance of this action which has not been stated. The act of 1853, under which Mr. Pierson was appointed receiver, by its eleventh section makes all companies formed under it subject to all the provisions of the Revised Statutes in relation to corporations, "so far as the same are applicable, except in regard to annual statements and other matters herein otherwise specially provided for." This court, in *Attorney-General* agt. *The Continental Life Insurance Company* (53 *Howard*, 16), held that a proceeding to wind up and dissolve a corporation and distribute its effects was specially provided for by the act, and that, consequently, no action could be maintained by a creditor or a stockholder, under the Revised Statutes, for a similar object. This decision, though made at special term, was acquiesced in by the parties affected by it, and has generally been regarded as sound by the profession. What a creditor or a stockholder could not do before the attorney-general and the court have acted under the statute of 1853, it surely ought not to be allowed to do after such action; and precisely this the suit brought aims to do, to wit, to distribute the effects of the corporation whilst the court is acting under the act aforesaid. Under the Revised Statutes when an action had been brought to dissolve and distribute the assets of an insolvent corporation the remedy of every creditor was in that suit and proceeding only, and in the district in which the same was pending (*Rinn* agt. *The Astor Fire Insurance Company*, 59 *N. Y.*, 143). Though the mode of procedure against the corporation may be changed all other provisions, "so far as the same are applicable," remain unaltered and unaffected. The same provisions of the statutes and the same rules of equity which induced

Attorney-General agt. North American Life Insurance Co.

the court of appeals to hold as it did in the case just cited apply to the one before us. The plaintiff in the suit brought and all other creditors must seek their remedies in this proceeding and in the district in which it is pending. The law requires this as well as the danger of a conflict of jurisdiction and needless additional expense and costs; and for this reason, also, the motion must be granted.

The order allowing the suit to be brought was improvidently granted, and one withdrawing the consent to bring it must be entered. It was the consent of this same court which was obtained, and it can properly be withdrawn by the same tribunal which granted it, though sitting now in another district (*McArdle* agt. *Barney and others*, 50 *Howard*, 97).